UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Itamar G. Toledo,
and other similarly-situated individuals,

    Plaintiff,

v.                                                    CASE NO.:  8:23-CV-01467

Cava Group, Inc. a/k/a Cava,

    Defendant,
_____/

**JOINT MOTION FOR REVIEW AND
APPROVAL OF PARTIES' SETTLEMENT
<u>AGREEMENT AND DISMISSAL WITH PREJUDICE</u>**

    Plaintiff ITAMAR G. TOLEDO ("Plaintiff") and Defendant CAVA GROUP, INC. ("Defendant") file this Joint Motion for Review and Approval of Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

    1.    This is an action filed under The Fair Labor Standards Act ("FLSA"), in which Plaintiff sought recovery for unpaid wages allegedly due and owing to him. Defendant denies Plaintiff's allegations and disputes the validity of his claims.

    2.    The parties have reached a resolution of this matter and entered into a settlement agreement. Because of the nature of the Plaintiff's claims under the FLSA, the settlement agreement requires Court approval in order to become effective. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982).

1

FP 47953816.1

3. In order to avoid the uncertainties of litigation and the attorney's fees associated with this type of action, the parties negotiated a resolution of the matter. Importantly, throughout the entirety of the resolution process, Plaintiff was represented by counsel. Defendant was also represented by counsel throughout this process.

4. After careful review and analysis of relevant documents and information, the parties reached an agreement to resolve and settle all of the claims asserted by Plaintiff against Defendant. The parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorney's fees and costs, which were negotiated and agreed upon separately from the sum Plaintiff is receiving.

5. The settlement agreement ("Agreement") is attached hereto as **Exhibit A**. Assuming it meets with the Court's approval, the parties request entry of an Order approving the settlement agreement.

6. Accordingly, the parties jointly request that the Court review the parties' settlement agreement, enter an Order approving the settlement agreement, and following entry of such Order, enter an Order dismissing this case with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement agreement.

## II. MEMORANDUM OF LAW

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's*

*Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food:*

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

In accordance with *Lynn's Food,* the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute..." *Id.* at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of Plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of counsel.

*See, e.g., Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *adopted by* 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Id.*

As set forth in the Agreement, Defendant has agreed to pay Plaintiff $1,500.00 in consideration to resolve his claims for alleged unpaid wages. Plaintiff is receiving an additional $1,500 to resolve his claims for alleged liquidated damages.

Defendant denies Plaintiff's allegations and contends that Plaintiff was, in fact, paid properly for all hours worked. Plaintiff and Defendant have engaged in the exchange of documents and pay records and engaged in multiple discussions regarding these records in an effort to resolve the matter.

Under the terms of the Agreement, Plaintiff will receive a total of $3,000.00 to resolve his FLSA claims despite Defendant's defense to this action which Defendant contends constitute a complete bar to such claims if any one of such defenses had been proven to be dispositive. The Parties submit that the settlement amount agreed upon is fair and reasonable given the existence of multiple disputed legal and factual issues involving Plaintiff's claims, including whether Defendant owed any relief to Plaintiff at all under the FLSA. The Parties recognize that, among these disputes, proof of the number of hours worked by the Plaintiff would entail substantial time, effort, and expense, and present significant risks for Plaintiff.

The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendant following significant exchange of information and discussion between counsel to reach this Agreement. To this end, Plaintiff and Defendant have at all times been represented by competent counsel experienced in the litigation of FLSA and employment claims, and the parties' Agreement represents a reasonable compromise of Plaintiff's claims in this case in light of the amounts Plaintiff arguably could have recovered and the various defenses Defendant has raised in opposition to Plaintiff's claims. *See Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009) ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

Separately, Defendant has agreed to pay $2,000.00 to resolve all of Plaintiff's claims for attorneys' fees and costs. This amount was negotiated separate from and without regard to the amount paid to Plaintiff to settle Plaintiff's alleged FLSA claim. Counsel for Plaintiff and Defendant represent that the foregoing amount is reasonable.

In conclusion, based upon the facts and circumstances of this case, the parties jointly advise the Court that the amount the Defendant has agreed to pay under the terms of the Parties' Agreement is a fair and reasonable settlement of a bona fide dispute. The Parties therefore respectfully submit that the Parties' Settlement should be approved by the Court consistent with *Lynn's Food,* 679 F.2d at 1353.

**WHEREFORE,** Plaintiff and Defendant respectfully request that the Court find the attached Settlement Agreement to be fair and reasonable

Respectfully submitted this 17th day of August 2023.

/s/ Brett P. Owens
Brett P. Owens, Esq.
Florida Bar No. 0112677
101 East Kennedy Blvd., Suite 2350
Tampa, Florida 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501
Email:
bowens@fisherphillips.com

*COUNSEL FOR DEFENDANT*


s/Zandro E. Palma
Zandro E. Palma, Esq.
Florida Bar No.: 0024031
The Law Offices of Zandro Palma
9100 S. Dadeland Blvd. Suite 1500
Miami, Florida 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com

FP 47953816.1