```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

ITAMAR G. TOLEDO,
and other similarly
situated individuals,

       Plaintiff,

v.                              Case No. 8:23-cv-1467-VMC-JSS

CAVA GROUP, INC.,

       Defendant.
_____/

## **ORDER**

This matter is before the Court pursuant to the Joint Motion for Review and Approval of Parties' Settlement Agreement and Dismissal with Prejudice (Doc. # 19), filed on August 17, 2023. The Court grants the Motion.

**I.   Background**

Plaintiff Itamar G. Toledo filed this action against his former employer on June 30, 2023, alleging — among other things — violation of the overtime and minimum wage provisions of the Fair Labor Standards Act (FLSA). (Doc. # 1). After Defendant Cava Group, Inc. was served, the Court issued its FLSA Scheduling Order on July 21, 2023. (Doc. # 9).

Subsequently, the parties filed a notice of settlement on August 11, 2023. (Doc. # 17). At the Court's direction, the parties now seek approval of the settlement. (Doc. # 19).

## II. Analysis

Plaintiff alleges that Defendant violated the overtime and minimum wage provisions of the FLSA. Accordingly, any settlement of this claim reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Plaintiff will receive $3,000 total for unpaid wages and liquidated damages. (Doc. # 19 at 4).

It has also been agreed that Plaintiff's counsel will receive $2,000 in fees and costs. (Id. at 5). The parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Plaintiff. (Id.). The parties conclude "that the settlement amount agreed upon is fair and reasonable given the existence of multiple disputed legal and factual issues involving Plaintiff's claims." (Id. at 4).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties

in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Joint Motion for Review and Approval of Parties' Settlement Agreement and Dismissal with Prejudice (Doc. # 19) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.** The Court does not retain jurisdiction to enforce the settlement.

(3) The Clerk is directed to **CLOSE THE CASE.**

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

3

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of August, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE